## A. M. ALEXANDER et al. v. THOMAS L. BURNS.

Where authority is given to an attorney at law, to take out an attachment, he is authorized to sign an attachment bond for plaintiffs.

APPEAL from the District Court of Caddo, *Jones J. L. P. Crain*, for plaintiffs. *Thomas T. Land*, for defendant. The judgment of the court was pronounced by

PRESTON, J. An order of attachment was granted in this case, on the affidavit and bond of the plaintiffs' attorney. It was rescinded, and the attachment dissolved on the ground, that the attorney had no special authority to execute the attachment bond. For the reasons given in the case of *Dwight* and *Trowbridge* v. *Wier*, the order for the attachment and the writ is reinstated.

The defendant further moved to dissolve the attachment, on the ground, that the property attached was the property of *Thomas L. Burns & Co.*, for the individual debt of *Thomas L. Burns*, and that said property was taken out of the possession of said partnership, and constituted a part of the property of the partnership; and on the further ground, that the interest of *Thomas L. Burns* in said property, was only subject to the attachment for his individual debts subject to a final liquidation and settlement of the partnership affairs, and not the property itself.

It is not clear that the district court dissolved the attachment on this ground, and the evidence is not satisfactory, that the property attached belongs to a partnership. If the evidence was clear on this subject, and presented by proper pleadings, we should adhere to the principles settled by this court in the case of *Smith* v. *Mc Michen*, after much deliberation. 3d Ann, 319.

We think the article 2794 of the Civil Code, justly interpreted in that case as to executions; that attachments can have no greater effect than executions, and that any other interpretation would be ruinous to commerce and to the rights of persons who have no interest in the attachments and executions.

The judgment of the district court is reversed, and the cause remanded for further proceedings according to law; the appellees to pay the costs of appeal.

EUSTIS, C. J. and ROST, J. We think, that *Cyrus Ritchie* having been appointed by the plaintiffs, to take out proces of attachment against the property attached, was thereby empowered to sign the attachment bond.

The property attached is not proved to have been partnership property, and is subject to the plaintiffs' attachment.

The case must be remanded for further proceedings.